Whaley, Chief Justice,
delivered the opinion of the court.
This suit is brought under a private act of Congress [Private No. 325, 50 Stat. 1070, Ch. 723] approved August 20, 1937, which instructs this court to fix a fair afid reasonable value of certain articles at the time of delivery which were furnished under a contract between the plaintiffs and the defendant.
The act requires that the contractor be without fault in the failure of delivery within the time stated in the contract and that the causes of delay in making delivery be unforeseen and beyond the contractor’s control.
The facts show that plaintiffs entered into a contract with the defendant in the fall of 1917 to deliver certain articles to be used by the Army and the time of delivery was made the essence of the contract by providing a bonus over and above the price stated in the contract if the articles were delivered at the times stated therein. One-half of the total number of articles was to be delivered in December 1917, and the balance during the month of January 1918.
Plaintiffs sublet their contract to a company in Roanoke, Virginia, which possessed a plant amply sufficient to supply the articles in a very short space of time. A portion of the contract was completed and deliveries were made in the months of December and January and the plaintiffs were paid a bonus, as provided under the contract, on each of these articles.
Commencing about the middle of December extremely severe weather set in and continued until the middle of February. The reports of the Weather Bureau showed that it was the most intensely severe weather that had prevailed for over one hundred years. The result was that the schedules of the railroads became disarranged and transportation facilities generally throughout the Eastern Seaboard *400 •were greatly, dislocated. Acceptances for deliveries by the transportation companies were refused and due to this disruption of transportation the Government was forced. to order fuelless days. As a consequence the factory of the subcontractor remained idle for days because of the lack of fuel. Employees had great difficulty in going to and from .the mill. The Chesapeake Bay was so frozen that steamers could not ply between Norfolk and Baltimore. This condition. caused by -the. intensely severe weather could not'have ■been anticipated. -There was no way-in which the plaintiffs could have foreseen such a condition and they were powerless to overcome the delays occasioned thereby. The railroads were under the control of the Government and deliveries were refused at Boanoke for transportation to Norfolk. Even when it was possible to deliver to Norfolk, the steamship companies refused to accept deliveries because of the fact that the Chesapeake Bay was non-navigable. Had not these conditions prevailed, the evidence shows that deliveries would have been made on time and the contractors would have complied with their contract within the two months of December and January.
The evidence further shows that the fair and reasonable value of these articles during the.months of December and January was at least eleven cents more for each article than the contract price.
The causes of the delay in delivery having been occasioned by unforeseen weather conditions, which could not have been anticipated by the plaintiffs, and which were through no fault of their own, the plaintiffs are entitled to recover eleven cents each on 56,400 garments or the sum of $6,204.00.
Judgment will be entered in the sum of $6,204.00. • It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.